IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| TRADEMARK PROPERTIES, )<br>INC., a South Carolina corporation; )<br>RICHARD C. DAVIS, an individual )<br>                              )<br>           Plaintiffs,    )<br>                              )<br>vs.                             )<br>                              )<br>A&E TELEVISION NETWORKS, )<br>a joint venture of the Hearst    )<br>Corporation, ABC INC. and NBC    )<br>UNIVERSAL; DEPARTURE FILMS)<br>an entity of unknown origin; and  )<br>DOES 1-20, inclusive         )<br>                              )<br>           Defendants.  )<br>_____)<br>A&E TELEVISION NETWORKS, )<br>                              )<br>           Counterclaim Plaintiff,   )<br>                              )<br>vs.                             )<br>                              )<br>TRADEMARK PROPERTIES, INC.)<br>and RICHARD C. DAVIS,         )<br>                              )<br>           Counterclaim Defendants.  )<br>_____) | Civil Action No.2:06-CV-2195-CWH<br><br><br><br><br><br><br><br>PLAINTIFFS/COUNTERCLAIM DEFENDANTS'<br>MEMORANDUM IN OPPOSITION TO THE<br>DEFENDANT'S/COUNTERCLAIM<br>PLAINTIFF'S MOTION TO COMPEL |

       The Plaintiffs' respectfully submit this memorandum in opposition to the Defendants Motion to Compel pursuant to local Rule 7.06.

       The Defendants contend that the Plaintiffs' responses to discovery were deficient relative to eight (8) items of the Defendants discovery as follows:

1. <u>Interrogatory Response #5</u>- The Plaintiffs have amended their Interrogatory Response #5 to include all agents, attorneys, agencies or firms that assisted the Plaintiffs relative to the Plaintiffs dealing with the Defendants to include Thomas Whaley, Esquire, Pierre Brogan, Bryan Geers and Robert Dodds, Esquire. (See Exhibit "A")

2. <u>Verification</u> - The Plaintiffs have amended their discovery responses provide the signature of the Plaintiffs, Richard C. Davis and the President of Trademark Properties, Inc. (See Exhibit "A" & "B")

3. <u>Document Request #2-</u> The Plaintiffs have amended their response to Document Request #2 to indicate that the digital " video pilot" and the "demo tape" are one and the same. (See Exhibit "B")

4. <u>Document Request #5</u> - The Plaintiffs have advised the Defendants that the Plaintiffs are agreeable to providing the financial documents requested subject to the Court granting a Confidentiality Order.

5. <u>Document Request #7-</u> In Document Request #7 the Defendants requested "documents concerning any communications between the Plaintiffs and any other person or entity concerning the claims, counterclaims or defenses asserted in this lawsuit." All documents were produced with the exception of documents that constitute communications between the Plaintiffs and Plaintiffs' attorneys. The Plaintiffs position is that documents that constitute communication between the Plaintiffs and Plaintiffs' attorneys are subject to being withheld pursuant to the attorney/client privilege.

6. <u>Document Request #8</u>- In Document Request #8 the Defendants seek all

documents concerning communications between Plaintiffs and television networks other than A&E Television Networks including The Learning Channel and any of its affiliates. The Plaintiffs object to this production request on the grounds that the information sought is not relevant to the subject matter of the pending action nor is it reasonably calculated to lead to discovery of admissible evidence. The Plaintiffs' Complaint and the Defendants Counterclaim concern only the relationship between the Plaintiffs and the Defendants. The Plaintiffs relationship with television networks other than A&E Television Networks is not relevant to the subject matter of the pending litigation.

7. <u>Document Request #10-</u> In Document Request #10 the Defendants seek all documents concerning all television shows that have a concept or format similar to the subject series. The Defendants argue that the documents requested will be used to test the Plaintiffs claim that Plaintiff, Richard Davis, " is the creator and owner of the unique concept, format and treatment of a reality based television program which features Richard Davis and certain staff members of Trademark Properties, Inc. going through the process of locating, acquiring, refurbishing and selling houses." In Response to the Defendants' argument, the Plaintiffs have amended their response to Document Request #10 to state that "The Plaintiffs are not aware of any documents concerning television shows that have a concept or format similar to the subject series which predate the Plaintiffs' video pilot of the series." (See Exhibit "B")

8. <u>Document Request #26-</u> In Document Request #26 the Defendants requested production of any executed final agreements between Plaintiffs and The Learning

Channel or any of its affiliates. The Plaintiffs object to Document Request #26 on the ground that the information sought is not relevant to the subject matter of this pending action nor is it reasonably calculated to lead to discovery of admissible evidence. The Plaintiffs' Complaint and the Defendants' Counterclaim only concern the relationship between the Plaintiffs and the Defendants and not the Plaintiffs relationship with other television shows or production companies.

Based on the foregoing the Plaintiffs request that the Defendant's Motion to Compel be denied. Attached as Exhibits "A" and "B" are the Plaintiffs Amended Responses the Defendant's/Counterclaim Plaintiff's Interrogatories and First Request for Production.

        Respectfully submitted,

        **CISA & DODDS, LLP**

        s/Frank M. Cisa
        Frank M. Cisa (Federal ID No. 138)
        *Cisa & Dodds, LLP*
        622 Johnnie Dodds Blvd.
        Mt. Pleasant, SC 29464
        Phone: (843) 881-3700
        Fax:   (843) 881-2511
        E-Mail: frank@cisadodds.com

        Attorney for Plaintiffs

December 27, 2006
Mt. Pleasant, SC

# CERTIFICATE OF SERVICE

      I, HEREBY CERTIFY, that on this 27th day of December, 2006 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

Robert H. Jordan, Esquire
151 Meeting Street/ Sixth Floor
P.O. Box 1806 (29402)
Charleston, SC 29401-2239
robert.jordan@nelsonmullins.com
Attorney for Defendants

Richard Ashby Farrier, Jr., Esquire
151 Meeting Street/Sixth Floor
P.O. Box 1806 (29402)
Charleston, SC 29401-2239
raf@nmrs.com

Jeremy Feigelson, Esquire
Debevoise & Plimpton, LLP
919 Third Avenue
New York, NY 10022
jfeigels@debevoise.com

S. Zev Parnass, Esquire
Debevoise & Plimpton, LLP
919 Third Avenue
New York, NY 1002
szparnas@debevoise.com

                                                     s/ Frank M. Cisa

December 27, 2006
Charleston, SC